UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0249 (PJS/FLN) |
| Plaintiff, | Case No. 17-CV-5353 (PJS) |
| v. | ORDER |
| COREY VAMPELT FOGG, | |
| Defendant. | |

This matter is before the Court on defendant Corey Fogg's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Fogg argues that this Court erred when, at Fogg's sentencing, it found that he had "three previous convictions . . . for a violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). For the reasons that follow, Fogg's motion is denied.

In 2015, a jury convicted Fogg of possessing a firearm as a felon. *See* ECF No. 84. This offense carried a maximum sentence of 10 years, *see* 18 U.S.C. § 924(a)(2), unless Fogg had three or more prior convictions for "a violent felony or a serious drug offense," 18 U.S.C. § 924(e)(1). If that were true, then the ACCA provided for a mandatory minimum sentence of 15 years and a maximum sentence of life imprisonment. *See* 18 U.S.C. § 924(e)(1).

At sentencing, Fogg did not dispute that his prior convictions for first-degree manslaughter (in violation of Minn. Stat. § 609.20, subd. 2) and simple robbery (in

violation of Minn. Stat. § 609.24) were violent felonies for ACCA purposes. But Fogg argued that his prior conviction for attempted drive-by shooting (in violation of Minn. Stat. § 609.66, subd. 1e) was not a violent felony.

The Court disagreed. The Court concluded that Minnesota's drive-by shooting statute was divisible, *see* ECF No. 108 at 20:16-24:2; found that Fogg was convicted under subsection (b) of the statute, *see id.* at 24:3-11; held that subsection (b) defined a violent felony for ACCA purposes, *see id.* at 24:11-13; and sentenced Fogg to 235 months in prison, the bottom of the range recommended by the United States Sentencing Guidelines, *see* ECF No. 102 at 2.

On appeal, Fogg repeated his argument that his attempted drive-by shooting conviction was not a violent felony under the ACCA. See Appellant's Brief at 11-19, *United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016) (No. 15-3078), 2016 WL 80230. The United States Court of Appeals for the Eighth Circuit rejected Fogg's argument and affirmed Fogg's sentence. *See Fogg*, 836 F.3d at 954-56.

Fogg then brought this § 2255 motion. Fogg now argues that his conviction for simple robbery is not a violent felony for ACCA purposes.[1] *See* ECF No. 126 at 23

---

[1] Fogg does not appear to be renewing his argument that his conviction for attempted drive-by shooting is not a violent felony. The Eighth Circuit has already decided that issue against him, and "[c]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) (citation omitted).

("Fogg argues that his robbery conviction is not a violent felony."); *id.* at 27 ("[Fogg's] robbery conviction does not qualify as a violent felony . . . ."). There are two problems with Fogg's claim:

*First*, Fogg's claim is procedurally defaulted. "A § 2255 motion is not a substitute for direct appeal," so a defendant "may not obtain § 2255 relief for 'unappealed errors to which no contemporaneous objection was made' unless he can show both cause and prejudice." *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (citations omitted). In other words, "[c]laims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion." *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010). In this case, Fogg did not argue at sentencing or on appeal that his simple-robbery conviction was not a violent felony for ACCA purposes. Fogg makes no attempt to establish cause or prejudice for that omission. Therefore, Fogg cannot raise that argument for the first time in a § 2255 motion.[2]

*Second*, Fogg's claim is meritless. Minnesota's crime of simple robbery is a violent felony for ACCA purposes. It was a violent felony before *Mathis*. *See United*

---

[2]Fogg's brief relies mainly on *Mathis v. United States,* 136 S. Ct. 2243 (2016). But the Supreme Court decided *Mathis* several months *before* the Eighth Circuit decided Fogg's appeal. In fact, the Eighth Circuit cited and applied *Mathis* in affirming Fogg's sentence. *See Fogg*, 836 F.3d at 954-55. Obviously, then, Fogg could have argued on direct appeal that his conviction for simple robbery was not a violent felony under the ACCA and cited *Mathis* in support of his argument.

*States v. Raymond*, 778 F.3d 716, 717 (8th Cir. 2015) (per curiam).  And it remains a violent felony after *Mathis*.  *See United States v. Libby*, 880 F.3d 1011, 1015-16 (8th Cir. 2018).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant Corey Fogg's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 125] is DENIED.

2. No certificate of appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 10, 2018                                    s/Patrick J. Schiltz
                                                          Patrick J. Schiltz
                                                          United States District Judge